IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DWIGHT ANTONIO HOWARD, # 82541**                                                         **PLAINTIFF**

V.                                                               CIVIL ACTION NO. 2:12cv201-KS-MTP

**OFFICER POOLE, OFFICER WALKER,**
**and CAPTAIN ENLERS**                                                                    **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL

This matter is before the Court on the Plaintiff's Motion For a New Trial [18]. For the reasons stated below, the Court finds that Plaintiff's motion is not well taken and should be denied.

On November 7, 2012, Plaintiff Dwight Antonio Howard, an inmate incarcerated at the South Mississippi Correctional Institution, brought this *pro se* action under Title 42 U.S.C. § 1983 challenging three Rule Violation Reports ("RVRs"). (*See* Complaint, docket entry number "[1]".) On February 26, 2013, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* Order Setting Payment Schedule [9].) On April 8, 2013, this Court entered its Memorandum Opinion and Order of Dismissal [16], dismissing Plaintiff's federal claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's alleged loss of privileges in connection with the RVRs failed to implicate a matter of constitutional significance. *See, e.g.*, *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Court's Final Judgment [17] was entered on the same date as the dismissal order.

On April 18, 2013, the Clerk filed Plaintiff's Motion For a New Trial [18]. Plaintiff's motion indicates that he is seeking a new trial "under Rule 59(e)". (Pl.'s Motion [18] at

p. 1.) The Court will construe Plaintiff's *pro se* filing as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). There was no trial in this cause and Plaintiff's motion was filed within twenty-eight days of the entry of judgment. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (providing that Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of judgment).

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Id.* at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir.2003)). A Rule 59(e) motion should not be used to rehash evidence, or to raise arguments or legal theories that could have been presented prior to the entry of the challenged ruling. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

Plaintiff has failed to make any showing warranting relief under Rule 59(e). Plaintiff's apparent basis for relief is that his classification status *may* change as a result of the three RVRs. Plaintiff's argument falls outside the scope of either the first or second of the above-quoted Rule 59(e) grounds. Further, even overlooking the fact that Plaintiff's classification status *may* not change as a result of the RVRs, there has been no manifest error of law or fact. Generally, "a prisoner has no liberty interest in his custodial classification." *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (citations omitted). "Classification of prisoners is a matter left to the discretion of prison

officials." *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citing *Wilkerson v. Maggio*, 703 F.2d 909 (5th Cir. 1983)). Only where a prisoner is able to show "extraordinary circumstances" in connection with a change in custodial status, such as being "kept on lockdown status for 30 years", may a due process challenge be maintained. *Hernandez*, 522 F.3d at 562-63. No such "extraordinary circumstances" have been alleged or demonstrated in this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion For a New Trial [18] **is denied**.

The Clerk is directed to mail a copy of this Order to the Plaintiff at the address listed on the docket.

SO ORDERED AND ADJUDGED this the 23rd day of April, 2013

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE